IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

FILED

APR 2 5 2017

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
                DEPUTY

| | |
|---|---|
| SCOTT & WHITE MEMORIAL HOSPITAL,<br><br>*Plaintiff*,<br><br>v.<br><br>COVENTRY HEALTH CARE, INC., COVENTRY HEALTH CARE NATIONAL NETWORK, INC., COVENTRY HEALTH AND LIFE INSURANCE COMPANY, FIRST HEALTH LIFE AND HEALTH INSURANCE COMPANY, FIRST HEALTH GROUP CORP., ARM LTD., NW, TDX POWER, INC., RON PHILEMONOFF, AS TRUSTEE FOR THE TANADGUSIX CORP HEALTH & WELFARE TRUST, JULIANNA SHANE, AS TRUSTEE FOR THE TANADGUSIX CORP HEALTH & WELFARE TRUST, and ROBERT DEAN HUGHES, AS TRUSTEE FOR THE TANADGUSIX CORP HEALTH & WELFARE TRUST,<br><br>*Defendants*. | CIVIL ACTION NO. 6:17-cv-75-RP-JCM |

## CONFIDENTIALITY AND PROTECTIVE ORDER

Before the Court is Plaintiff Scott & White Memorial Hospital and Defendants Coventry Health Care, Inc., Coventry Health Care National Network, Inc., Coventry Health and Life Insurance Company, First Health Life & Health Insurance Company, First Health Group Corp. (collectively, the Parties) Motion for Entry of Confidentiality and Protective Order ("Motion"). After consideration of the Parties Motion, it is hereby ORDERED as follows:

**Proceedings and Information Governed.**

1.  This Order ("Protective Order") is made under Federal Rule of Civil Procedure 26(c). It governs any document, information, or other thing furnished by any party to any other party, and it includes any non-party who receives a subpoena in connection with this action. The information protected includes, but is not limited to: answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; and other writings or things produced, given or filed in this action that are designated by a party as "Confidential Information" in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

**Designation and Maintenance of Information.**

2.  For purposes of this Protective Order, the "Confidential Information" designation means that the document is comprised of Protected Health Information (PHI), as that term is defined under the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and applicable law, other information required by law or agreement to be kept confidential, trade secrets or commercial information that is not publicly known and is of technical or commercial advantage to its possessor in accordance with Fed. R. Civ. P. 26(c)(1), or information that the producing party deems especially sensitive, which may include, but is not limited to, confidential or proprietary financial, technical or marketing information, operational data, business plans, research and development, personnel files, and other sensitive information that, if not restricted as set forth in this Protective Order, may subject the producing or disclosing party to competitive or financial injury or potential legal liability to third parties. Confidential Information does not include, and this Protective Order does not apply to, information that is already in the knowledge

or possession of the party to whom disclosure is made unless that party is already bound by law or agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

      3.     Documents and things produced during the course of this litigation within the scope of paragraph 2 above may be designated by the producing party as containing Confidential Information by placing on each page and each thing a stamp indicating that the information is "CONFIDENTIAL". A party may designate information disclosed at a deposition as Confidential Information by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition. If no such designation is made at the time of the deposition, any party will have fourteen (14) calendar days after the date of the deposition to designate, in writing to the other parties and to the court reporter, whether the transcript is to be designated as Confidential Information. If no such designation is made at the deposition or within this fourteen (14) calendar day period (during which period, the transcript must be treated as Confidential Information, unless the disclosing party consents to less confidential treatment of the information), the entire deposition will be considered devoid of Confidential Information. Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order. It is the responsibility of counsel for each party to maintain materials containing Confidential Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

**Inadvertent Failure to Designate.**

4. The inadvertent failure to designate or withhold any information as Confidential Information will not be deemed to waive a later claim as to its confidential nature, or to stop the producing party from designating such information as Confidential Information at a later date in writing and with particularity. The information must be treated by the receiving party as Confidential Information from the time the receiving party is notified in writing of the change in the designation.

**Challenge to Designations.**

5. A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The producing party will then have ten (10) business days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this ten (10) business day period, and after the conference required under LR 7(i), the receiving party may at any time thereafter seek an order to alter the Confidential Information status of the designated information. Until any dispute under this paragraph is ruled upon by the presiding judge, the designation will remain in full force and effect, and the information will continue to be accorded the Confidential Information treatment required by this Protective Order.

**Disclosure and Use of Confidential Information.**

6. Information designated as Confidential Information may only be used for purposes of preparation, trial, and appeal of this action. Confidential Information may not be used under any circumstances for prosecuting any patent application, for patent licensing, or for any other purpose.

7.     Subject to paragraph 8 below, Confidential Information may be disclosed only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: (a) the receiving party; (b) in-house and/or outside counsel for the receiving party; (c) supporting personnel employed by in-house and/or outside counsel for the receiving party, such as paralegals and legal secretaries; (d) independent experts engaged by the receiving party in connection with this litigation; (e) litigation vendors, court reporters, and other litigation support personnel; (f) this Court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation.

8.     Prior to disclosing Confidential Information to a receiving party's expert, the receiving party must provide to the producing party a signed Confidentiality Agreement in the form attached as Exhibit A, the resume or curriculum vitae of the proposed expert, the expert's business affiliation, and any current and past consulting relationships in the healthcare industry. The producing party will thereafter have ten (10) business days from receipt of the Confidentiality Agreement to object to disclosure to any proposed individual. The objection must be made for good cause and in writing, stating with particularity the reasons for the objection. Failure to object within ten (10) business days constitutes approval. If the parties are unable to resolve any objection, the receiving party may apply to the presiding judge to resolve the matter. There will be no disclosure to any proposed individual during the ten (10) business day objection period, unless that period is waived by the producing party, or if any objection is made, until the parties have resolved the objection, or the presiding judge has ruled upon any resultant motion.

9.     Counsel is responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

10. Confidential Information may be disclosed to a person who is not already allowed access to such information under this Protective Order if:

(a) the person was an author or authorized recipient of the Confidential Information; or

(b) counsel for the party designating the material agrees that the material may be disclosed to the person.

In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the presiding judge, and persons to whom disclosure may be made and who are bound by this Protective Order, may be present during the disclosure or discussion of Confidential Information. Disclosure of material pursuant to this paragraph does not constitute a waiver of the confidential status of the material so disclosed.

**Non-Party Information.**

11. The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things, or testimony as Confidential Information pursuant to this Protective Order.

**Filing Documents With the Court.**

12. If any party wishes to submit Confidential Information to the Court, the submission must be electronically filed under seal in accordance with the procedures set forth in Section 10 (Sealed Documents) of the "United States District Court of the Western District of Texas Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases," which is available at file:///C:/Users/SH13109/Downloads/efileprocd.pdf.

13. Producing or receiving Confidential Information, or otherwise complying with the terms of this Protective Order, will not: (a) operate as an admission by any party that any particular Confidential Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a party to apply to the presiding judge for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

**Conclusion of Litigation.**

14. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing party all materials and documents containing Confidential Information, and to certify to the producing party that this destruction or return has been done, unless otherwise agreed in writing by the Parties. However, outside counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

**Other Proceedings.**

15. By entering this Protective Order and limiting the disclosure of information in this case, the presiding judge does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this

Protective Order who may be subject to a motion to disclose another party's information designated as Confidential Information pursuant to this Protective Order must promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

**Remedies.**

16. It is Ordered that this Protective Order will be enforced by the sanctions set forth in Federal Rule of Civil Procedure 37(b) and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

17. Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Protective Order.

**SO ORDERED** this 25th day of April, 2017.

_____
UNITED STATES ~~DISTRICT~~ JUDGE