IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SCOTT & WHITE MEMORIAL HOSPITAL, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| AETNA HEALTH HOLDINGS, LLC, AS SUCCESSOR BY MERGER TO COVENTRY HEALTH CARE, INC., COVENTRY HEALTH CARE NATIONAL NETWORK, INC., COVENTRY HEALTH AND LIFE INSURANCE COMPANY, FIRST HEALTH GROUP CORP., ARM LTD., RON PHILEMONOFF, AS TRUSTEE FOR THE TANADGUSIX CORPORATION HEALTH & WELFARE TRUST, JULIANNA SHANE, AS TRUSTEE FOR THE TANADGUSIX CORPORATION HEALTH & WELFARE TRUST, and ROBERT DEAN HUGHES, AS TRUSTEE FOR THE TANADGUSIX CORPORATION HEALTH & WELFARE TRUST, | § § § § § § § § § § § § § § § § § § § § | Civil Action No. 6:17-cv-75-RP-JCM |
| Defendants. | | |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO (1) FILE SURREPLY TO DEFENDANT ARM LTD.'S MOTION TO DISMISS; AND (2) FILE SURREPLY UNDER SEAL**

Plaintiff Scott & White Memorial Hospital ("Scott & White" or "Plaintiff") files this reply to Defendant ARM Ltd.'s ("ARM") Response to Plaintiff's Motion for Leave to File Surreply and Conditional Motion for Leave to File Response to Surreply [ECF. 35] ("Response to Motion for Leave") and would respectfully show the Court as follows:

1

1.      Regrettably, Scott & White is forced to file this reply in order to correct the mischaracterization of Scott & White's and ARM's counsels' conference on Scott & White's Motion for Leave to (1) File a Surreply to Defendant ARM Ltd.'s Motion to Dismiss; and (2) File its Surreply Under Seal [ECF. 34] ("Motion for Leave"). While Scott & White did conference with ARM's counsel on August 30, 2017, it did not "object[] to ARM's request that it be permitted to file a response to the Surreply." Resp. to Mot. for Leave at 2.

2.      Rather, after ARM made its consent to Scott & White's Surreply conditional on Scott & White providing a blanket consent to a sur-sur-reply to be filed on or before September 13, 2017, counsel for Scott & White refused to consent without first having an opportunity to review a draft of any sur-sur-reply.[1] Scott & White was unwilling to put itself in the position of giving ARM carte blanche to file any sur-sur-reply, including one that again improperly raised new arguments.

3.      Scott & White's reservations against ARM's conditional consent proposal are valid. While a movant is generally entitled to the last word, equity requires that the nonmovant have a fair opportunity to address arguments raised by the movant. Scott & White understands that, as the movant, there may be points raised in Scott & White's Surreply that ARM feels warrant a response. However, the very reason Scott & White was forced to file its Surreply was because ARM raised brand new arguments in its Reply in support of its Motion to Dismiss. ARM cannot be permitted to use reply briefs to raise new arguments in perpetuity; it is for this reason that counsel for Scott & White could not blindly consent to a prospective sur-sur-reply without any opportunity to review and ensure that the sur-sur-reply did not contain new arguments.

---

[1] Scott & White offered to provide a draft of its Surreply to ARM before filing to allow ARM to review and advise whether ARM could consent to Scott & White filing the Surreply unopposed.

4. Accordingly, Scott & White requests that, should ARM be permitted to file a sur-sur-reply, it is prohibited from raising new arguments and limited to responding to arguments made in Scott & White's Surreply.

Dated: September 1, 2017

Respectfully submitted,

By: /s/ *Shea R. Haass*
    Jeff Cody
    Texas Bar No. 04468960
    Shea R. Haass
    Texas Bar No. 24055609
    NORTON ROSE FULBRIGHT U.S. LLP
    2200 Ross Avenue, Suite 2800
    Dallas, Texas 75201
    Telephone: (214) 855-8000
    Facsimile: (214) 855-8200

    *Attorneys for Plaintiff Scott & White Memorial Hospital*

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service in compliance with Local Rule CV-5(b) are being served on this 1st day of September, 2017, with a notice of electronic filing of the foregoing via the Court's CM/ECF system in compliance with Federal Rule of Civil Procedure 5 and Local Rule 5.

                   */s/ Shea R. Haass*
                    Shea R. Haass