# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | | |
|---|---|---|
| SCOTT & WHITE MEMORIAL HOSPITAL, | § | |
| | § | |
| _Plaintiff,_ | § | |
| | § | |
| **v.** | § | **Civil Action No. 6:17-CV-0075-RP-JCM** |
| | § | |
| AETNA HEALTH HOLDINGS, LLC, AS | § | |
| SUCCESSOR BY MERGER TO COVENTRY | § | |
| HEALTH CARE, INC., COVENTRY HEALTH | § | |
| CARE NATIONAL NETWORK, INC., | § | |
| COVENTRY HEALTH AND LIFE INSURANCE | § | |
| COMPANY, FIRST HEALTH GROUP CORP., | § | |
| ARM LTD., RON PHILEMONOFF, AS | § | |
| TRUSTEE FOR THE TANADGUSIX | § | |
| CORPORATION HEALTH & WELFARE | § | |
| TRUST, JULIANNA SHANE, AS TRUSTEE FOR | § | |
| THE TANADGUSIX CORPORATION HEALTH | § | |
| & WELFARE TRUST, AND ROBERT DEAN | § | |
| HUGHES, AS TRUSTEE FOR THE | § | |
| TANADGUSIX CORPORATION HEALTH & | § | |
| WELFARE TRUST, | § | |
| | § | |
| _Defendants._ | § | |

## THE TANADGUSIX DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE SECOND AMENDED ANSWER

TO THE HONORABLE COURT:

Defendants Ron Philemonoff, as Trustee for the Tanadgusix Corporation Health & Welfare Trust, Julianna Shane, as Trustee for the Tanadgusix Corporation Health & Welfare Trust, and Robert Dean Hughes, as Trustee for the Tanadgusix Corporation Health & Welfare Trust (collectively, "the Tanadgusix Defendants") file this Unopposed Motion for Leave to File their Second Amended Answer to the Amended Complaint (the "Unopposed Motion for Leave") filed by Plaintiff Scott & White Memorial Hospital ("Plaintiff") as follows:

## ARGUMENT

The Tanadgusix Defendants respectfully request that the Court grant this Unopposed Motion for Leave. Rule 15 allows parties to seek leave of the court to amend their pleadings after the time period for amendment as a matter of course has passed. FED. R. CIV. P. 15(a)(2). The decision whether to grant leave lies within the discretion of the court, but there is a bias in favor of granting leave. *RTIC Drinkware, LLC v. YETI Coolers, LLC*, 1:16-CV-907-RP, 2016 WL 5957276, at *1 (W.D. Tex. Oct. 13, 2016) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)); *see also Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002). As the Fifth Circuit has cautioned, " 'discretion' may be a misleading term, for [R]ule 15(a) severely restricts the judge's freedom, directing that leave to amend 'shall be freely given when justice so requires.' " *Id.* (quoting FED. R. CIV. P. 15(a)(2)). Thus, absent a substantial reason, the Court does not have discretion to deny leave. *Id.*; *see also Cadle Co. v. Keyser*, 5:15-CV-217-RP, 2015 WL 3746264, at *1 (W.D. Tex. June 15, 2015) (there is a strong presumption in favor of granting leave to amend under Rule 15(a)).

In the present case, there are several reasons why the Court should grant the Tanadgusix Defendants' Unopposed Motion for Leave. First, this motion is unopposed by the parties. Indeed, by permitting the Tanadgusix Defendants to amend their Answer, no party will be unduly delayed. *See RTIC Drinkware, LLC*, 2016 WL 5957276, at *1 (granting a motion for leave to amend pleadings where there has been no allegation of undue delay).

Second, allowing for the amended pleading will not result in surprise or undue prejudice to any party. *See Hubbard v. JP Morgan Chase Bank, Nat. Ass'n*, 1:15-CV-00067-RP, 2015 WL 1058013, at *2 (W.D. Tex. Mar. 10, 2015) (finding no undue prejudice because the litigation was still in early stages). Indeed, in the present case, the parties have not yet conducted any depositions.

Third, the Tanadgusix Defendants have not unreasonably delayed in seeking to amend their

Answer and are not seeking the aforementioned amendment in bad faith or based on any dilatory motive. *See Kennedy v. Pablos*, 1:16-CV-1047-RP, 2017 WL 2223056, at *6 (W.D. Tex. May 18, 2017) (the court may consider a variety of factors that counsel against granting leave to amend, including undue delay, bad faith, or dilatory motive on the part of the movant). In fact, the Tanadgusix Defendants' proposed Amended Answer even abandons some of their affirmative defenses. Relatedly, the Tanadgusix Defendants do not seek to modify or delay any other deadline currently pending before the Court or the trial date. Accordingly, this Court should grant the Tanadgusix Defendants' Unopposed Motion for Leave.

<u>CONCLUSION</u>

The Tanadgusix Defendants respectfully requests that the Court grant this Unopposed Motion for Leave because it has not unduly delayed in filing this motion, does not amend in bad faith or with a dilatory motive, and because this amendment will not work any prejudice on the parties in this case. Accordingly, the Tanadgusix Defendants respectfully request that the Court allow it to file its Second Amended Answer attached to this Motion as **Exhibit "A."**

Respectfully submitted,

/s/ *Joshua M. Sandler*
Christopher J. Schwegmann
Texas Bar No. 24031515
cschwegmann@lynnllp.com
Joshua M. Sandler
Texas State Bar No. 24053680
jsandler@lynnllp.com
**LYNN PINKER COX HURST, LLP**
2100 Ross Avenue, Ste. 2700
Dallas, Texas 75201
(214) 981-3800 – phone
(214) 981-3829 – fax

**ATTORNEYS FOR DEFENDANTS RON PHILEMONOFF, AS TRUSTEE FOR THE TANADGUSIX CORP. HEALTH & WELFARE TRUST, JULIANNA SHANE, AS TRUSTEE FOR THE TANADGUSIX CORP. HEALTH &**

**WELFARE TRUST, AND ROBERT DEAN
HUGHES, AS TRUSTEE FOR THE
TANADGUSIX CORP. HEALTH & WELFARE
TRUST**

### CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that all parties were notified of the proposed amendments and none indicated they were opposed. Accordingly, this Motion is UNOPPOSED.

*/s/ Joshua M. Sandler*
Joshua M. Sandler

### CERTIFICATE OF SERVICE

I certify that on November 10, 2017, a true and correct copy of this document was served on counsel of record via the Court's ECF system.

*/s/ Joshua M. Sandler*
Joshua M. Sandler

# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SCOTT & WHITE MEMORIAL HOSPITAL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 6:17-CV-0075-RP-JCM |
| | § | |
| AETNA HEALTH HOLDINGS, LLC, AS | § | |
| SUCCESSOR BY MERGER TO COVENTRY | § | |
| HEALTH CARE, INC., COVENTRY HEALTH | § | |
| CARE NATIONAL NETWORK, INC., | § | |
| COVENTRY HEALTH AND LIFE INSURANCE | § | |
| COMPANY, FIRST HEALTH GROUP CORP., | § | |
| ARM LTD., RON PHILEMONOFF, AS | § | |
| TRUSTEE FOR THE TANADGUSIX | § | |
| CORPORATION HEALTH & WELFARE | § | |
| TRUST, JULIANNA SHANE, AS TRUSTEE FOR | § | |
| THE TANADGUSIX CORPORATION HEALTH | § | |
| & WELFARE TRUST, AND ROBERT DEAN | § | |
| HUGHES, AS TRUSTEE FOR THE | § | |
| TANADGUSIX CORPORATION HEALTH & | § | |
| WELFARE TRUST, | § | |
| | § | |
| Defendants. | § | |

## THE TANADGUSIX DEFENDANTS'
## SECOND AMENDED ORIGINAL ANSWER

TO THE HONORABLE COURT:

Defendants Ron Philemonoff, as Trustee for the Tanadgusix Corporation Health &
Welfare Trust, Julianna Shane, as Trustee for the Tanadgusix Corporation Health & Welfare
Trust, and Robert Dean Hughes, as Trustee for the Tanadgusix Corporation Health & Welfare
Trust (collectively, "the Tanadgusix Defendants") file this Second Amended Answer to the
Amended Complaint filed by Plaintiff Scott & White Memorial Hospital ("Plaintiff") as
follows:

**Exhibit A**

# I.
## ADMISSIONS & DENIALS

**A.    Answer to Introduction**

1.      The Tanadgusix deny the allegations contained in paragraph 1.

2.      The Tanadgusix Defendants lack sufficient information necessary to admit or deny the allegations contained in paragraph 2.

3.      The Tanadgusix Defendants lack sufficient information to admit or deny the allegations contained in paragraph 3.

4.      The Tanadgusix Defendants lack sufficient information to admit or deny the allegations contained in paragraph 4.

5.      The Tanadgusix Defendants lack sufficient information concerning the terms of the Hospital Agreement to admit or deny the allegations contained in paragraph 5.

6.      The Tanadgusix Defendants lack sufficient information to admit or deny the allegations contained in paragraph 6.

7.      The allegations contained in paragraph 7 do not appear to require and admission or denial. To the extent a response is necessary, the Tanadgusix Defendants deny the allegations contained in paragraph 7.

**B.    Answer to Parties**

8.      The Tanadgusix Defendants admit the allegations contained in paragraph 8.

9.      The Tanadgusix Defendants are without sufficient knowledge or information to form a belief about the truth of the allegation in paragraph 9, and therefore deny the same.

10.      The Tanadgusix Defendants are without sufficient knowledge or information to form a belief about the truth of the allegation in paragraph 10, and therefore deny the same.

11.      The Tanadgusix Defendants are without sufficient knowledge or information to

form a belief about the truth of the allegation in paragraph 11, and therefore deny the same.

12.    The Tanadgusix Defendants are without sufficient knowledge or information to form a belief about the truth of the allegation in paragraph 12, and therefore deny the same.

13.    The Tanadgusix Defendants are without sufficient knowledge or information to form a belief about the truth of the allegation in paragraph 13, and therefore deny the same.

14.    The Tanadgusix Defendants admit the allegations contained in paragraph 14.

15.    The Tanadgusix Defendants admit the allegations contained in paragraph 15.

16.    The Tanadgusix Defendants admit the allegations contained in paragraph 16.

**C.    Answer to Jurisdiction and Venue**

17.    Paragraph 17 appears to state a legal conclusion, and therefore, does not require an admission or denial.

18.    Paragraph 18 appears to state a legal conclusion, and therefore, does not require an admission or denial. To the extent a response is necessary, the Tanadgusix Defendants deny the allegations contained in paragraph 18.

19.    Paragraph 19 appears to state a legal conclusion, and therefore, can neither be admitted nor denied by the Tanadgusix Defendants. To the extent a response is necessary, the Tanadgusix Defendants deny the allegations contained in paragraph 19.

20.    Paragraph 20 appears to state a legal conclusion, and therefore, can neither be admitted nor denied by the Tanadgusix Defendants. To the extent a response is necessary, the Tanadgusix Defendants deny the allegations contained in paragraph 20.

**D.    Answer to Factual Background**

21.    The Tanadgusix Defendants admit the allegations contained in the first sentence of paragraph 21. The Tanadgusix Defendants lack sufficient information to admit or deny the

allegations contained in the remaining sentences contained in paragraph 21.

22.     The Tanadgusix Defendants lack sufficient information to admit or deny the allegations contained in paragraph 22.

23.     The Tanadgusix Defendants lack sufficient information to admit or deny the allegations contained in paragraph 23.

24.     The Tanadgusix Defendants are not parties to the Hospital Agreement, and therefore lack sufficient information to admit or deny the allegations contained in paragraph 24.

25.     The Tanadgusix Defendants are not parties to the Hospital Agreement, and therefore lack sufficient information to admit or deny the allegations contained in paragraph 25.

26.     The Tanadgusix Defendants are not parties to the Hospital Agreement, and therefore lack sufficient information to admit or deny the allegations contained in paragraph 26.

27.     The Tanadgusix Defendants are not parties to the TPA Agreement, and therefore lack sufficient information to admit or deny the allegations contained in paragraph 27.

28.     The Tanadgusix Defendants lack sufficient information to admit or deny the allegations contained in paragraph 28.

29.     The Tanadgusix Defendants lack sufficient information to admit or deny the allegations contained in paragraph 29.

30.     The Tanadgusix Defendants are not parties to the TPA Agreement, and therefore lack sufficient information to admit or deny the allegations contained in paragraph 30.

31.     The Tanadgusix Defendants are not parties to the TPA Agreement, and therefore lack sufficient information to admit or deny the allegations contained in paragraph 31.

32.     The Tanadgusix Defendants admit the allegations contained paragraph 32.

33.     The Tanadgusix Defendants admit the allegations contained in the first sentence

of paragraph 33. The Tanadgusix Defendants lack sufficient information to admit or deny the allegations contained in the second sentence contained in paragraph 33. To the extent a response is necessary, the Tanadgusix Defendants deny the allegations contained in the second sentence of paragraph 33.

34.      The Tanadgusix Defendants admit that Plaintiff correctly quotes the document referenced in the first sentence of paragraph 34. The Tanadgusix Defendants lack sufficient information to admit or deny the allegations contained in the second sentence of paragraph 34. To the extent a response is necessary, the Tanadgusix Defendants deny the allegations contained in paragraph 34.

35.      The Tanadgusix Defendants admit that Plaintiff correctly quotes the documents referenced in paragraph 35. To the extent a response is necessary, the Tanadgusix Defendants deny the allegations contained in paragraph 35.

36.      The Tanadgusix Defendants lack sufficient information to admit or deny the allegations contained in paragraph 36. To the extent a response is necessary, the Tanadgusix Defendants deny the allegations contained in paragraph 36.

37.      The Tanadgusix Defendants lack sufficient information to admit or deny the allegations contained in paragraph 37. To the extent a response is necessary, the Tanadgusix Defendants deny the allegations contained in paragraph 37.

38.      The Tanadgusix Defendants deny the allegations contained in paragraph 38.

39.      The Tanadgusix Defendants deny the allegations contained in paragraph 39.

40.      The Tanadgusix Defendants deny the allegations contained in paragraph 40.

### E.     Answer to Causes of Action

#### (1.)     Breach of Contract (against Coventry)

41.     The Tanadgusix Defendants incorporate all of their previous responses.

42.     The Tanadgusix Defendants lack sufficient information to admit or deny the allegations in paragraph 42. To the extent a response is necessary, the Tanadgusix Defendants deny the allegations contained in paragraph 42.

43.     The Tanadgusix Defendants lack sufficient information to admit or deny the allegations in paragraph 43. To the extent a response is necessary, the Tanadgusix Defendants deny the allegations contained in paragraph 43.

44.     The Tanadgusix Defendants lack sufficient information to admit or deny the allegations in paragraph 44. To the extent a response is necessary, the Tanadgusix Defendants deny the allegations contained in paragraph 44.

45.     The Tanadgusix Defendants lack sufficient information to admit or deny the allegations in paragraph 45. To the extent a response is necessary, the Tanadgusix Defendants deny the allegations contained in paragraph 45.

46.     Paragraph 46 appears to state a legal conclusion, and therefore, does not require an admission or denial. To the extent a response is necessary, the Tanadgusix Defendants deny the allegations contained in paragraph 46.

#### (2.)     In the Alternative, Breach of Contract (against ARM)

47.     The Tanadgusix Defendants incorporate all of their previous responses.

48.     The Tanadgusix Defendants lack sufficient information to admit or deny the allegations in paragraph 48. To the extent a response is necessary, the Tanadgusix Defendants deny the allegations contained in paragraph 48.

49.     The Tanadgusix Defendants lack sufficient information to admit or deny the allegations in paragraph 49. To the extent a response is necessary, the Tanadgusix Defendants deny the allegations contained in paragraph 49.

50.     The Tanadgusix Defendants lack sufficient information to admit or deny the allegations in paragraph 50. To the extent a response is necessary, the Tanadgusix Defendants deny the allegations contained in paragraph 50.

51.     The Tanadgusix Defendants lack sufficient information to admit or deny the allegations in paragraph 51. To the extent a response is necessary, the Tanadgusix Defendants deny the allegations contained in paragraph 51.

**(3.)     In the Alternative, Breach of Contract (against the Trust)**

52.     The Tanadgusix Defendants incorporate all of their previous responses.

53.     The Tanadgusix Defendants deny the allegations in paragraph 53.

54.     The Tanadgusix Defendants deny the allegations in paragraph 54.

55.     The Tanadgusix Defendants deny the allegations in paragraph 55.

56.     The Tanadgusix Defendants deny the allegations in paragraph 56.

**(4.)     Declaratory Judgment (against all Defendants)**

57.     The Tanadgusix Defendants incorporate all of their previous responses.

58.     Paragraph 58 appears to state a legal conclusion, and therefore, does not require an admission or denial. To the extent a response is necessary, the Tanadgusix Defendants deny the allegations contained in paragraph 58.

59.     The Tanadgusix Defendants deny the allegations in paragraph 59.

60.     The Tanadgusix Defendants deny the allegations in paragraph 60.

61.     The Tanadgusix Defendants deny the allegations in paragraph 61.

62.     The Tanadgusix Defendants deny the allegations in paragraph 62.

**(5.)   Attorney's Fees**

63.     The Tanadgusix Defendants incorporate all of their previous responses.

64.     Paragraph 64 appears to state a legal conclusion, and therefore, does not require an admission or denial. To the extent a response is necessary, the Tanadgusix Defendants deny the allegations contained in paragraph 64.

65.     To the extent not expressly admitted above, the Tanadgusix Defendants deny all remaining allegations of material fact set forth in Plaintiff's Amended Complaint.

66.     The Tanadgusix Defendants deny that Plaintiff is entitled to any of the damages requested in the Amended Complaint.

67.     The Tanadgusix Defendants deny that Plaintiff is entitled to any of the relief requested in the Amended Complaint.

## II.
### AFFIRMATIVE DEFENSES

68.     Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to comply with all conditions precedent required of it.

69.     Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

70.     Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

71.     Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or any limitations imposed by way of agreement, insurance plan, or any other applicable contract.

72.     Plaintiff's claims are barred, in whole or in part, by a failure to mitigate damages.

73.     If the Tanadgusix Defendants are found liable for damages, the Tanadgusix Defendants are entitled to an offset.

74.     Plaintiff's claims are barred, in whole or in part, because the medical claims at issue were not timely precertified, preauthorized, submitted, or appealed including but not limited to appeals made pursuant §§ 2.3, 2.6, and 4.3.5 of the Hospital Agreement.

75.     Plaintiff's claims are barred, in whole or in part, by the doctrine of payment, partial payment, subsequent conduct, and/or acceptance of performance.

76.     Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

77.     Plaintiff's claims are barred, in whole or in part, because the Hospital Agreement is unenforceable as to the Tanadgusix Defendants.

78.     Plaintiff's claims are barred, in whole or in part, by the doctrine of public policy.

79.     Plaintiff's claims and/or remedies are barred, in whole or in part, by way of ERISA preemption; due to Plaintiff's failure to follow ERISA; due to Plaintiff's failure to exhaust its administrative remedies and/or dispute resolution remedies under ERISA and/or any other contract relating to the claims or remedies at issue in this case. Plaintiff's claims and/or remedies are additionally limited solely to those afforded by ERISA.

80.     The Tanadgusix Defendants reserve the right to supplement or amend its Answer, including any defenses claimed herein, based upon factual information discovered during the pendency of this case.

### <u>PRAYER</u>

For these reasons, Defendants Ron Philemonoff, as Trustee for the Tanadgusix Corporation Health & Welfare Trust, Julianna Shane, as Trustee for the Tanadgusix Corporation Health & Welfare Trust, and Robert Dean Hughes, as Trustee for the Tanadgusix Corporation Health & Welfare Trust ask the Court to enter judgment that Plaintiff Scott & White Memorial Hospital take nothing, dismiss Plaintiff's suit with prejudice, assess costs against Plaintiff, and award the

Tanadgusix Defendants all other relief the Court deems appropriate.

Respectfully submitted,

/s/ *Joshua M. Sandler*

Christopher J. Schwegmann
Texas Bar No. 24031515
cschwegmann@lynnllp.com
Joshua M. Sandler
Texas State Bar No. 24053680
jsandler@lynnllp.com
**LYNN PINKER COX HURST, LLP**
2100 Ross Avenue, Ste. 2700
Dallas, Texas 75201
(214) 981-3800 – phone
(214) 981-3829 – fax

**ATTORNEYS FOR DEFENDANTS RON PHILEMONOFF, AS TRUSTEE FOR THE TANADGUSIX CORP. HEALTH & WELFARE TRUST, JULIANNA SHANE, AS TRUSTEE FOR THE TANADGUSIX CORP. HEALTH & WELFARE TRUST, AND ROBERT DEAN HUGHES, AS TRUSTEE FOR THE TANADGUSIX CORP. HEALTH & WELFARE TRUST**

## CERTIFICATE OF SERVICE

I certify that on November __, 2017, a true and correct copy of this document was served on counsel of record via the Court's ECF system.

/s/ *Joshua M. Sandler*

Joshua M. Sandler